## King v. Carnall.

Confederate Money.—Contracts based upon Confederate money are *illegal* and *void*.

Pleading—*Time of filing.*—After issue joined, the filing of a special plea, at subsequent term, is within the discretion of the court.

*Appeal from Sebastian Circuit Court.*

Hon. E. J. Searle, Circuit Judge.

*Du Vall & King*, for appellant.

*Watkins & Rose*, for appellee.

Bowen, J.

This is an action of debt brought by appellee against appellant and others, in the circuit court of Sebastian county.

At the October term, 1866, suit was discontinued as to all the defendants except appellant, who filed, during the term, the pleas of *nil debit* and set off.

At the April term, 1867, plaintiff took issue to the first plea, and replied the statute of limitations to the plea of set off.

The defendant filed an additional plea of set off, on a note executed by John Carnall, in March, 1862, for one thousand dollars. To this the plaintiff replied: *First.* The general issue; second, a special replication, setting up that the promissory note executed by Carnall was given for Confederate money, and therefore void, the same being an illegal consideration. To this replication the defendant entered his general demurrer, which was overruled. The cause was submitted to the court, sitting as a jury, who found for the plaintiff and entered judgment accordingly.

It appears from the bill of exceptions that, at the latter term, defendant asked leave to file a special plea, under oath, alleging substantially that the plaintiff, at the time of com-

mencing this suit, had no claim or title to the note sued on, having previously assigned the same to one Sarah Clark. The plaintiff objected to the filing, and was sustained therein by the court. The defendant excepted to such ruling, and to the overruling of his motion for a new trial, and the cause is here on appeal.

The only point involved in the overruling of defendant's demurrer to plaintiff's replication to defendant's second plea of set off is, that of the illegal consideration. We have already settled that question in the case of *Clark v. Latham, 25 Ark.*

The refusal of the circuit court to permit defendant to file his special plea just before going to trial, was a matter which addressed itself to the discretion of the court, and is one with which we will not interfere, especially since no good reason appears for asking to file at so late a day.

At the trial, in the circuit court, the note sued on was in evidence. The court having refused leave to defendant to file his special plea, and this court sustaining it therein, renders it unnecessary for us to say any thing further.

Judgment affirmed.